**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CR-20345-KMW**

**UNITED STATES OF AMERICA**

**v.**

**QUINTIN XAVIER CHRISTOPHER GRAY,**
**a/k/a "tokio_seuss / @tokio_under34,"**

**Defendant.**
______________________________________________/

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The United States of America, by and through the undersigned Assistant United States Attorney, files this response in opposition to Defendant Quintin Xavier Christopher Gray's Motion to Dismiss (DE 26). The Defendant's motion amounts to a pre-trial motion for summary judgment – a legal remedy that does not exist under the Federal Rules of Criminal Procedure. Rather than argue that the indictment (1) lacks an essential element, (2) fails to give him sufficient notice, or (3) fails to protect him from a second prosecution via the Double Jeopardy Clause, he argues that the evidence is insufficient for a conviction, and that the Court should usurp the role of the jury, violate Eleventh Circuit precedent, and make a series of factual determinations based on incomplete evidence outside the four corners of the indictment. In truth, he moves for a judgment of acquittal before the trial has even begun.

## LEGAL STANDARD

"By now it has become well-established that '[t]he sufficiency of a criminal indictment is determined from its face.'" *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (quoting *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004)). "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and,

more specifically, the *language* used to charge the crimes." *Id.* (citing *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992)) (emphasis in original). A "court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial." *Id.* (quoting *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987)). The factual allegations are viewed "in the light most favorable to the government." *Id.* at 1258. An indictment is sufficient if it contains the "elements of the offense intended to be charged" and "sufficiently apprise[s] the defendant of what he must be prepared to meet." *Id.* (citing *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003)).

## FACTUAL BACKGROUND[1]

On or about April 29, 2026, user tokio_seuss, using the handle, @tokio_under34 made a public post on the social media platform "X" (formerly known as Twitter) that stated, in part: "Well I also intend to kill trump," referring to the President of the United States. The full post is below:




[1] A motion to dismiss draws its facts from the indictment. *See Sharpe*, 438 F.3d at 1263. The Government nonetheless includes a factual summary in this Response because additional facts are included in the Defendant's Motion to Dismiss and to provide the Court with context.

On or about June 18, 2026, Secret Service agents and officers from City of Miami Police Department went to the Defendant's home address in Miami, Florida and found the Defendant outside his residence. A non-custodial interview was conducted of the Defendant outside his home. The Defendant confirmed that he was the user of the X.com account "tokio_seuss," with the handle @tokio_under34, and that he made the post. The Defendant stated his post was meant to be "sarcastic" and claimed it was protected by the First Amendment. Shortly thereafter, the Defendant ceased speaking with officers and walked into his home.

The Defendant subsequently walked out of his home and willingly reengaged with officers. During this second interaction, the Defendant conveyed his anger with Kash Patel spending taxpayer dollars to "hang out with the bros" and said that his way of retaliation was making threatening posts. The Defendant added that he made threatening posts because he needed answers about his memory loss due to an incident that occurred while he was in the Air Force. The Defendant stated that he was expecting law enforcement to come speak with him based on his posts, including other posts that he believed were worse than the one made on April 29, 2026.

The Defendant conveyed that he wanted to kill the President "via heart attack" and that he thinks about killing people a lot. The Defendant explained that if there is a group of 35 people, he thinks about killing 30 of those people in his head. When the Defendant was questioned further about whether he wanted to kill the President, the Defendant stated, "who doesn't want to kill him?" and "everyone wants to kill him." The Defendant stated that he attempted to kill the former President of the United States, Joe Biden, by delaying his plane when the Defendant was in the Air Force. The Defendant stated that he had previously been hospitalized for mental health reasons and claimed that he had been "coerced." The Defendant's mother was also interviewed separately

by law enforcement, and she reported that the Defendant had become "aggressive," and further corroborated the Defendant's mental health history.

On or about August 20, 2026, a grand jury in the Southern District of Florida returned a two-count indictment charging the Defendant with Threats Against the President, in violation of Title 18, United States Code, Section 871(a) (Count 1), and Transmitting Threats Through Interstate Communications, in violation of Title 18, United States Code, Section 875(c) (Count 2).

## ARGUMENT

The Indictment properly states an offense and the Defendant's motion should be denied. "An indictment is sufficient 'if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" *United States v. Steele*, 147 F.3d 1316, 1320 (11th Cir. 1998) (quoting *United States v. Dabbs*, 134 F.3d 1071, 1079 (11th Cir. 1998)). "These requirements derive from 'the Sixth Amendment's guarantee of notice to the accused of the nature and the cause of the accusation, and the Fifth Amendment's assurance that a grand jury will return an indictment only when it finds probable cause for all elements of the crime.'" *United States v. Doak*, 47 F.4th 1340, 1351 (11th Cir. 2022) (quoting *United States v. Wayerski*, 624 F.3d 1342, 1349 (11th Cir. 2010)). "Simplicity is acceptable; an indictment is constitutionally sufficient when it 'tracks the wording of the statute, as long as the language sets forth the essential elements of the crime.'" *Id.* at 1351–52 (quoting *Wayerski*, 624 F.3d at 1350).

As an initial matter, a Court may dismiss an indictment for failure to state an offense *only* because of a deficiency in the charging document itself. *See Salman*, 378 F.3d at 1268. The Defendant has not identified any such deficiency in either Count 1 or Count 2 of the indictment.

The Defendant does not argue that the indictment lacks the "elements of an offense to be charged" or that it fails to apprise him of "what he must be prepared to meet." *Sharpe*, 438 F.3d at 1263 (citing *Bobo*, 344 F.3d at 1083).

Instead of focusing on the indictment, the Defendant asks the Court to consider a Rule 29 motion for acquittal before the United States has presented its case, usurping the role of the jury and making factual findings during the pre-trial stage of this case. This the Court cannot do. The Eleventh Circuit has consistently reversed district court decisions that dismiss indictments based on evidence outside the four corners of the indictment. In *Salman*, the district court relied on "certain undisputed facts" and dismissed the indictment. 378 F.3d at 1268. The Eleventh Circuit reversed and held that "[b]y looking beyond the face of the indictment . . . the district court in effect granted summary judgment in favor of the defendant" and "overlooked binding precedent from this [Circuit]." *Id.* (internal citations omitted). In *Critzer*, the district court dismissed the indictment because, after assuming the facts alleged to be true, it found the defendant's alleged actions did not constitute a violation of federal law. 951 F.2d at 307. The Eleventh Circuit reversed because the Federal Rules do not provide for a pre-trial determination of the sufficiency of the evidence. *Id.* An indictment is sufficient, the Eleventh Circuit held, if it "charges the language of the statute." *Id.* In other words, even where there was no material dispute of fact, pre-trial dismissal was *still* inappropriate. *Id.* ("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence.").

The Defendant's claim that his post is not a true threat is a classic jury question. The United States agrees with the Defendant that Section 871 and Section 875(c) only reach "true threats." But "whether a communication constitutes a threat or a true threat is a matter to be decided by the trier of fact." *United States v. Hussaini*, 2022 WL 138474, at *5 (S.D. Fla. Jan. 14, 2022) (Altman,

J.); *see, e.g.*, *United States v. Kosma*, 951 F.2d 549, 555 (3d Cir. 1991) ("Whether a speaker's language constitutes a threat is a matter to be decided by the trier of fact."); *United States v. White*, 670 F.3d 498, 512 (4th Cir. 2012); *United States v. Parr*, 545 F.3d 491, 497 (7th Cir. 2008) ("We think it readily apparent that [the defendant's] statements were threats, but ultimately that question was for the jury."); *United States v. Floyd*, 458 F.3d 844, 848–49 (8th Cir. 2006); *United States v. Viefhaus*, 168 F.3d 392, 397 (10th Cir. 1999) ("Whether a defendant's statement is a true threat or mere political speech is a question for the jury."); *United States v. Malik*, 16 F.3d 45, 49 (2d Cir. 1994).

The Defendant attempts to argue that this case can be decided as a matter of law because "the charged words themselves . . . cannot as a matter of law constitute a true threat" (DE 26 at 4). It's difficult to see how the words, "Well I also intend to kill trump," could, under no circumstances, constitute a true threat. This is not a close call. Whether a statement is a true threat is an inherently factual determination that depends on context: time, plate, manner, and speaker. *Hussaini*, 2022 WL 138474, at *8 ("[W]hether we view a statement as threatening may turn on what we know about the speaker. Suppose that someone looks you in the eye and says: "I'm going to take care of you." In assessing the threat level we should ascribe to this statement, it helps to know whether the speaker is Florence Nightingale or Tony Soprano."); *Watts v. United States*, 394 U.S. 705, 708 (1969) ("Taken in context, and regarding the expressly conditional nature of the statement and the reaction of the listeners, we do not see how it could be interpreted otherwise.").

In *Hussaini*—just as here—the Defendant urged the Court to review the underlying communications. *Hussaini*, 2022 WL 138474, at *6. But the Eleventh Circuit has made clear that "it is not for the courts to filter which criminal cases may reach the trial stage by reviewing the proffered evidence in advance." *Salman*, 378 F.3d at 1269. The United States is "entitled to present

its evidence at trial and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29." *Id.* at 1267–68. This Court cannot review the underlying communications on a motion to dismiss posture. *See, e.g.*, *United States v. Gallagher*, 24-CR-20239-DMM, ECF No. 65 (refusing to dismiss case on motion to dismiss based on facts that should have been developed at trial).

The Defendant—somewhat surprisingly—suggests that because the Defendant intended to kill the President "via heart attack," his post did not constitute a true threat. But there is no legal mechanism for the Defendant to ask the Court to consider these questions of fact at this stage of the proceedings before the jury has heard any evidence. The indictment is sufficient and the question of whether the Defendant's words constitute a "true threat" is for the jury to decide.

## CONCLUSION

For the foregoing reasons, the United States of America respectfully requests that the Defendant's Motion to Dismiss be denied and respectfully submits that no hearing on this matter is necessary for the Court to decide the issues.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: */s/ Lindsey Maultasch*
Lindsey Maultasch
Assistant United States Attorney
Court Identification No. A5502705
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9115
Lindsey.Maultasch@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 29, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record.

By: *<u>/s/ Lindsey Maultasch</u>*
Lindsey Maultasch
Assistant United States Attorney